1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11    Y.G.H.,                                   No.  1:25-CV-00435-KES-SKO

12                      Petitioner,

13          v.                                   **ORDER VACATING PREVIOUS ORDER**
                                                 **AND UNSEALING DOCUMENTS**
14    DONALD J. TRUMP, et al.,
                                                 Docs. 42, 43
15                      Respondents.

16

17

18          On May 16, 2025, the Government filed a notice of request to seal the declaration it

19    submitted in response to the Court's May 7, 2025 minute order, Doc. 30.  On May 19, 2025, the

20    Court ordered the declaration and the government's request sealed.  *See* Docs. 41–43.  That same

21    day, the Court issued a minute order setting deadlines for petitioner to file an opposition to the

22    Government's request to seal and for the Government to file a reply.  Doc. 44.  The Court has

23    considered the opposition petitioner has submitted and the Government's reply.  For the reasons

24    set forth below, the Court vacates its initial order sealing documents and directs the Clerk of the

25    Court to unseal the documents filed at docket entries 42 and 43.  *See City of Los Angeles, Harbor*

26    *Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) ("As long as a district court

27    has jurisdiction over the case, then it possesses the inherent procedural power to reconsider,

28    rescind, or modify an interlocutory order for cause seen by it to be sufficient.") (quoting

1

1   *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981)).  The Clerk is also directed to file

2   petitioner's opposition and the Government's reply on the docket.

3          "It is clear that the courts of this country recognize a general right to inspect and copy

4   public records and documents, including judicial records and documents."  *Nixon v. Warner*

5   *Commnc'ns, Inc.*, 435 U.S. 589, 597 (1978).  The Ninth Circuit has interpreted this recognition to

6   establish a "strong presumption in favor of access to court records."  *Ctr. for Auto Safety v.*

7   *Chrysler Grp.*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *Foltz v. State Farm Mut. Auto. Ins.*

8   *Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  The presumption of access is "based on the need for

9   federal courts, although independent—indeed, particularly because they are independent—to have

10  a measure of accountability and for the public to have confidence in the administration of

11  justice."  *Id.* (quoting *United States v. Amodeo (Amodeo II)*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

12         Accordingly, "[a] party seeking to seal a judicial record [] bears the burden of overcoming

13  this strong presumption by meeting the 'compelling reasons' standard."  *Kamakana v. City &*

14  *County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  The compelling reasons standard

15  demands that "[a] court may seal records only when it finds 'a compelling reason and articulate[s]

16  the factual basis for its ruling, without relying on hypothesis or conjecture.'  The court must then

17  'conscientiously balance[] the competing interests of the public and the party who seeks to keep

18  judicial records secret.'"  *Chrysler Grp.*, 809 F.3d at 1097–98 (citing *Kamakana*, F.3d at 1179).

19         The compelling reason standard applies to attachments to both dispositive motions and to

20  non-dispositive motions that are "more than tangentially related to the merits of a case."  *Id.* at

21  1101.  Here, the Government moves to seal a declaration in support of its motion to dismiss

22  petitioner's habeas corpus petition for lack of jurisdiction.  The declaration sets forth the

23  circumstances surrounding petitioner's transfer from California to Texas, and it is relevant to the

24  issue of whether this Court has habeas jurisdiction over the petition.  The declaration directly

25  pertains to the Government's motion to dismiss.  As the motion to dismiss is a dispositive motion

26  and the declaration "more than tangentially relate[s] to the merits of a case," *Chrysler Grp.*, 809

27  F.3d at 1101, the compelling reasons standard applies.

28

1    The Government argues that the declaration contains "law enforcement sensitive"

2  information whose release could "compromise law enforcement activities as it discloses

3  information related to an operation involving a Foreign Terrorist Organization."  Doc. 42 at 2.

4  The Government's reply acknowledges that a sealing request must be "narrowly tailored" and

5  must undertake a "line-by-line balancing" of the interest in non-disclosure versus the right of

6  public access, but the Government's request is not narrowly tailored and it fails to point to any

7  specific statement in the declaration that contains sensitive information.  Rather, the Government

8  seeks a wholesale sealing of the declaration, much of which consists of information previously

9  included in the Government's non-sealed motion to dismiss and supporting reply.  *See generally*

10  Docs. 16, 24.  "Simply mentioning a general category of privilege, without any further

11  elaboration or any specific linkage with the documents, does not satisfy the [compelling reasons

12  standard]."  *Kamakana*, 447 F.3d at 1184.

13    Nor is it clear that the declaration sets out any such sensitive information.  The

14  Government has already publicly disclosed that it has transferred suspected members of Tren de

15  Aragua to the Bluebonnet Detention Facility. *See, e.g.*, Supplemental Memorandum Regarding

16  Emergency Application, *A.A.R.P. v. Trump*, 605 U.S. ___ (No. 24A1007), 2025 WL 1413851, at

17  *10.[1]   The Government has also already publicly alleged that petitioner is associated with Tren

18  de Aragua, posting images on X in March 2025 of petitioner's photograph with "Tren de Aragua"

19  and "TdA arrest" superimposed.  Doc. 20-1 ¶ 8.  The Government has failed to establish that the

20  declaration contains non-public law enforcement sensitive information or established any

21  compelling reasons for its continued sealing.

22    The Government has not set forth a compelling reason to overcome the "strong

23  presumption in favor of access to court records."  *Chrysler Grp.*, 809 F.3d at 1096.

24  ///

25  ///

26

27  [1] *See also DHS Files Emergency SCOTUS Request for Immediate Deportations After 23 Tren de Aragua Members Barricade Themselves, Threaten to Take Hostages and Harm ICE Agents, Department of Homeland Security* (May 13, 2025), https://www.dhs.gov/news/2025/05/13/dhs-files-emergency-scotus-request-immediate-deportations.

28

Accordingly:

1) The Court's initial sealing order, Doc. 41, is VACATED;

2) The Clerk of the Court is DIRECTED to unseal docket entries 42 and 43.

3) The Clerk of the Court is DIRECTED to docket petitioner's opposition to the request to seal and the Government's reply.

IT IS SO ORDERED.

Dated:   May 27, 2025

_____
UNITED STATES DISTRICT JUDGE